**John Phillip MEDLEY**

v.

**WARDEN MARYLAND PENITENTIARY.**

**Civ. A. 8691.**

United States District Court
D. Maryland.

Dec. 7, 1956.

No appearance for petitioner.

CHESNUT, District Judge.

John Phillip Medley, the petitioner in the above case, was tried and convicted on charges of forging and uttering in the Circuit Court for Anne Arundel County, Maryland, on October 13, 1954, and sentenced to imprisonment for six years by the Honorable Benjamin Michaelson, the presiding Judge in said case. Subsequently on December 15, 1955 he was found guilty in the Criminal Court of Baltimore on four charges of forgery and sentenced to imprisonment for one year on each of the four charges, the sentences to run concurrently with the sentence of six years previously imposed by the Circuit Court for Anne Arundel County. A recent examination of the docket entries in the Criminal Court of Baltimore shows that each of the four one-year sentences was to run concurrently with each other, as well as concurrently with the sentence of six years given in Anne Arundel County. The petitioner's contention is that the sentences were invalid because the court lacked jurisdiction particularly with regard to the conviction in Anne Arundel County.

The present petition for habeas corpus is only the latest of a long series of such petitions which the petitioner has filed with various Maryland State Judges and the Court of Appeals of Maryland, and in this federal court since his confinement under these Maryland State Court sentences. One such petition for habeas

corpus was denied in order and opinion of this court filed July 24, 1956. The other petitions for the issuance of the writ have been filed with and considered and denied with opinion, by numerous other Maryland State Judges, including Judge Taylor in Wicomico County; Judge Michaelson in Anne Arundel County; Judge Mundy of the Supreme Bench of Baltimore City; Judge Marbury of Prince Georges County; and Judge Digges of St. Mary's County. Copies of the opinions of these respective Judges are included in the extremely voluminous file of papers that the petitioner has submitted with the present petition.

From the adverse order of Judge Taylor in Wicomico County, the petitioner applied for review to the Maryland Court of Appeals where his application was denied in a written opinion by Judge Hammond, reported in 207 Md. 634, 115 A.2d 287. Certiorari was applied for and denied by the Supreme Court, Medley v. Steiner, 350 U.S. 925, 76 S.Ct. 215, 100 L.Ed. 809.

In the opinion of this court filed July 24, 1956, reference was made to a more recent opinion of the Court of Appeals of Maryland on a petition by Medley to review a refusal by another State Judge to issue the writ of habeas corpus, but no copy of the opinion of the Court of Appeals was then available to me. Since filing the order of July 24, 1956 it now appears that on June 13, 1956 the Court of Appeals of Maryland denied a petition by Medley to review adverse habeas corpus orders issued by several Maryland State Judges, and a copy of the opinion of the Court by Judge Henderson is now filed in the papers with the present petition. It is also reported in 210 Md. 649, 123 A.2d 595. It contains a full review of the petitioner's case. The principal point involved was substantially the same as stated in the opinion of this court on July 24, 1956. And the reasoning of the Court is to the effect that the Anne Arundel County Court did not lack jurisdiction by reason of the petitioner's contention that the State had failed to prove a forgery committed within the jurisdiction of the court. It also now appears that the petitioner's application to review that decision of the Maryland Court of Appeals on certiorari was denied by the Supreme Court of the United States on October 8, 1956. 77 S.Ct. 77, 352 U.S. 858, 1 L.Ed.2d 64.

The additional sentence imposed by the Criminal Court of Baltimore on December 15, 1955 (by typographical error stated to be December 1956 in the opinion of this court of July 24, 1956) has apparently now expired and therefore there seems to be no present question with respect to the validity of that sentence.

■ As I am in complete agreement with the reasoning and result of the opinion of the Court of Appeals by Judge Henderson of June 13, 1956 with respect to the validity of the sentence of six years imposed in Anne Arundel County, I conclude that the present petition for habeas corpus should be and it is hereby *dismissed* this 7th day of December 1956.

■ Along with the present petition for habeas corpus Medley has also now included what he designates as a petition for a writ of certiorari, the apparent object of which is to have this court review the opinions and orders of the several Maryland courts adverse to his contention with respect to the invalidity of the Anne Arundel County sentence; and incidental thereto to require these Maryland State Courts respectively to certify and transmit to this court copies of their whole judicial proceedings in the several cases. This petition for certiorari is hereby *dismissed* because this court does not have power or authority to issue such a writ.

In connection with the present petition for habeas corpus the petitioner also files a sworn affidavit of poverty and asks permission to prosecute the case in forma pauperis. This part of the petition is hereby *granted*.

The petitioner has also filed with his petition a very voluminous and extensive volume of handwritten papers consist-

ing of more than 100 pages. I have examined these to a reasonable extent to ascertain if there is any point included other than the grounds for the issuance of the writ heretofore stated by the petitioner and considered and rejected by the Maryland Court of Appeals. While I do not think it could fairly be said that the filing of such an extended collection of papers could be considered as a compliance with the federal statute regarding habeas corpus which requires a plain statement of facts to justify the issuance of the writ, I have not discovered in this great volume of papers any clear averment of fact which would tend to show that the petitioner was entitled to the issuance of the writ by this court.